Christopher P. **BARNETT,** by his next friend and father, Donald **BARNETT;** Kevin D. **Black,** by his next friend and mother, Dana **Black;** and Gary A. **Moses,** by his next friend and mother, Misty **Platt,** Plaintiffs,

v.

**TIPTON COUNTY BOARD OF EDUCATION; Tim Fite, individually and in his official capacity as Director of Schools for the Tipton County Board of Education; and Grant Shipley, individually and in his official capacity as principal of Brighton High School, Defendants.**

**No. 07–2055–JPM–dkv.**

United States District Court, W.D. Tennessee, Western Division.

Jan. 26, 2009.

William T. Winchester, The Law Offices of William T. Winchester, Memphis, TN, for Plaintiffs.

James I. Pentecost, Brent S. Usery, Pentecost Glenn & Rudd, PLLC, Jackson, TN, Stephen L. Shields, Jackson Shields Yeiser Holt Speakman & Lucas, Memphis, TN, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

JON PHIPPS McCALLA, District Judge.

Before the Court is Defendants Tipton County Board of Education, Tim Fite, and Grant Shipley's ("Defendants") Motion for Summary Judgment (Doc. 28), filed on June 10, 2008. Plaintiffs Christopher Barnett, Kevin Black, and Gary Moses ("Plaintiffs") filed a Response (Doc. 33) on September 10, 2008. A telephonic hearing was held on the motion on September 11, 2008. Present for Defendants was Brent Usery, Esq. Plaintiffs' counsel failed to appear. For the following reasons, Defendants' motion is GRANTED.

### I. BACKGROUND

This case arises from Plaintiffs' allegations that Defendants violated their First Amendment and Due Process rights and committed various torts under Tennessee state law. Plaintiffs contend Defendants violated their civil rights by taking disciplinary action against them upon learning that Plaintiffs created fake Internet profiles for a teacher and school administrator on a public website. (Compl., generally.)

At the times of the incidents in question, Plaintiffs were all students at Brighton High School ("BHS") in Brighton, Tipton County, Tennessee. (*Id.* at ¶¶ 1–3.) In October 2006, Plaintiff Christopher Barnett created a fake Myspace profile of Earl LeFlore, the assistant principal at BHS. (*Id.* at ¶¶ 12–13.) The profile contained LeFlore's photograph and biography from the Tipton County Board of Education's ("Board") website as well as sexually suggestive comments about female BHS students. (Fite Aff. at 2.) Plaintiff Kevin Black created a similar profile of Charles Nute, a coach at BHS. (Shipley Aff. at 3.)

BHS first received notice of the websites upon receiving phone calls from a concerned parent and a local reporter who believed LeFlore was the author of the website and had engaged in inappropriate communications with BHS students. (Fite Aff. at 1–2.) BHS officials conducted an investigation, during which Plaintiff Gary Moses admitted to contributing to the websites and identified Barnett and Black as the sites' creators. (*Id.* at 2.) School officials also learned through searches of the school computers that Barnett had accessed LeFlore's fake profile during one of his classes in the school's computer lab. (Erickson Aff. at 1–2.) As a result of the investigation, the school suspended Barnett for two days and gave him an eight day in-school suspension, gave Black an eleven day in-school suspension, and gave Moses a two-day in-school suspension. (Shipley Aff. at 4.)

Following his suspension, Barnett created a website containing a "Wanted" poster containing the photograph of a BHS student. (Fite Aff. at 3.) Barnett allegedly believed this student told school officials that Barnett had created LeFlore's Myspace profile. (*Id.*)

In November 2006, the Board conducted disciplinary hearings regarding Barnett and Black's actions. (Shipley Aff. at 5.) The committee heard testimony from school officials, Barnett, and Black, and it also considered evidence gathered during the school's investigation. (Tr. of BHS Administrative Hr'g Regarding Chris Barnett and Kevin Black 4–50.) The Board concluded that Barnett should be sent to an alternative school for the remainder of the school year, and Barnett did not appeal the Board's decision. (*Id.* at 79–80.) The Board also found that Black's in-school suspension was sufficient punishment and placed him on a zero-tolerance

policy for the remainder of the school year. (*Id.*) *

Plaintiffs contend that Defendants violated Plaintiffs' Free Speech rights and deprived Plaintiffs of their right to public education without due process of law. (Compl. ¶ 34.) Plaintiffs also bring a claim for defamation, alleging that the charges brought by Defendants were false. (Compl. ¶ 36.) In addition, Plaintiffs claim that were the charges against them true, Defendants publicly aired the allegations in a manner that portrayed Plaintiffs in a false light. (Compl. ¶ 38.) Last, Plaintiffs assert that the charges against them were false and that Defendants engaged in outrageous conduct in making the charges. (Compl. ¶ 40.) Plaintiffs seek damages and a permanent injunction, among other relief.

In the instant motion, Defendants move for summary judgment, asserting that Plaintiffs have failed to put forth sufficient evidence to support their claims.

## II. STANDARD OF REVIEW

■ Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. *Em-*

---

* Moses was a special needs student and thus his hearing was conducted during a meeting of special education professionals and his parents. (Defs.' Mot. for Summ. J. 6 n. 4.)

mons v. McLaughlin, 874 F.2d 351, 353 (6th Cir.1989). In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden–Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir.1986), reh'g denied; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); see also Abeita v. TransAm. Mailings, Inc., 159 F.3d 246, 250 (6th Cir.1998), reh'g and reh'g en banc denied. A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251–52, 106 S.Ct. 2505.

## III. Analysis

Defendants' motion for summary judgment rests on three contentions: (A) Defendants did not violate Plaintiffs' First Amendment rights, (B) Defendants did not violate Plaintiffs' Substantive and Procedural Due Process rights, and (C) Plaintiffs' state law claims should be dismissed because federal courts do not have supplemental jurisdiction over state law claims arising under the Tennessee Governmental Tort Liability Act ("TGTLA"). The Court will address each of these issues in turn.

## A. First Amendment Violation

■ Plaintiffs argue that their web profiles are protected as "parodies." Parodies are not "reasonably believable" and are clearly exaggerated to enhance humor of the parody. Hustler Magazine, Inc. v. Falwell, 485 U.S. 46, 57, 108 S.Ct. 876, 99 L.Ed.2d 41 (1988). The First Amendment protects parodies that involve speech that cannot "reasonably be understood as describing actual facts about [the subject of the parody]." Id.

■ Plaintiffs have offered no evidence to support their contention that a visitor to the websites would understand them to be parodies and not describing actual facts. Furthermore, visitors to the fraudulent website believed it was authentic and that LeFlore had engaged in the inappropriate behavior. Both a news reporter and a parent of one of the school's students contacted the school believing the website to be true. Because there is no genuine issue of material fact on this issue, the Court cannot find that Plaintiffs' websites are protected as parodies under the First Amendment, and Plaintiffs' First Amendment claim is DISMISSED.

## B. Violation of Plaintiff's Due Process Rights

Plaintiffs allege that Defendants violated both their substantive and procedural due process rights under the Fourteenth Amendment. Defendants contest this allegation, asserting that the disciplinary proceedings held by the school Board satisfied due process requirements.

### 1. The Board's Disciplinary Hearing

■ Plaintiffs first assert that the hearings deprived them of procedural due process. A state cannot deprive any person of life, liberty, or property without due process of law. U.S. CONST. amend. XIV, § 1. Article XI § 12 of the Tennessee

Constitution gives students a property interest in free public education that is protected by the Due Process Clause. *Seal v. Morgan,* 229 F.3d 567, 574 (6th Cir.2000). A student's right to procedural due process requires formal procedures for student disciplinary hearings involving expulsion or suspensions of more than ten days. *Goss v. Lopez,* 419 U.S. 565, 572–73, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). School officials must tailor disciplinary hearing procedures to avoid "unfair or mistaken findings of misconduct and arbitrary exclusions from school." *Id.* at 581, 95 S.Ct. 729.

■ School board disciplinary hearings satisfy due process when the student is given the opportunity to refute and explain the allegations against him. *Vann v. Stewart,* 445 F.Supp.2d 882, 889 (E.D.Tenn.2006). Here, the disciplinary proceedings conducted by the Board satisfied due process. Specifically, Barnett, Black, and their parents received notice of the hearing and were present at the hearing. At the hearing, Barnett and Black had the opportunity to rebut the allegations against them. Barnett and Black's parents also had the opportunity to question school officials during the disciplinary proceeding. Plaintiffs present no evidence to the contrary or any other evidence demonstrating how Barnett and Black's procedural due process rights were violated. Accordingly, the Court finds the disciplinary proceedings conducted by the Board satisfied the procedural due process requirements under the Fourteenth Amendment.

## 2. Disciplinary Proceeding and Substantive Due Process

■ Plaintiffs next claim that the Board's disciplinary hearings deprived them of substantive due process. The Sixth Circuit has stated that in school discipline cases a "substantive due process claim will succeed only in the 'rare case' when there is 'no rational relationship between the punishment and the offense.' " *Seal v. Morgan,* 229 F.3d 567, 575 (6th Cir.2000); *Rosa R. v. Connelly,* 889 F.2d 435, 439 (2d Cir.1989). Thus, to show that a substantive due process violation did not occur, school officials need to show that the punishment on the student bears a rational relationship to the offense. *Seal,* 229 F.3d at 575.

■ The Court finds that Defendants' disciplinary actions taken against the Plaintiffs were rationally related to the Plaintiffs' conduct. Evidence suggests that Defendants considered the severity and gravity of each offense before taking disciplinary action. For Barnett, school officials weighed testimony and evidence presented at the Board's hearing as well as his confessed involvement with the planning, creation, and promulgation of the websites. (Shipley Aff. at 3.) Based on this review, the school placed him in an alternative school. Additionally, the Board determined that although Black's actions caused a substantial disruption at the school, they were less serious than Barnett's actions and only warranted an in-school suspension. (*Id.* at 6.)

Plaintiffs have not created a genuine issue of material fact that their situation is a "rare case" in which a violation of substantive due process has occurred. Furthermore, they have not presented any other evidence of a substantive due process violation. Therefore, the Court finds the disciplinary proceedings did not violate the Plaintiffs' substantive due process rights under the Fourteenth Amendment.

For these reasons, Plaintiffs' due process claims under the Fourteenth Amendment are DISMISSED.

## C. State Tort Claims

Defendants contend that they are entitled to summary judgment with respect to all of Plaintiffs' claims arising under Tennessee law because the Plaintiffs have failed to comply with the TGTLA, and the Court should decline to exercise pendent jurisdiction.

■ Pendent jurisdiction is not a doctrine of right, but rather a doctrine of discretion. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Weeks v. Portage County Executive Offices,* 235 F.3d 275, 279–80 (6th Cir.2000). The TGTLA governs all actions against governmental entities for injuries that result or arise from the entity's discharge or exercise of its governmental functions. Tenn.Code. Ann. § 29–20–201(a). Under the TGTLA, all governmental entities are immune from suit for any injury which stems from the exercise of governmental functions, except as specifically provided by the Act. *Id.* The TGTLA requires claims to be brought in "strict compliance" with the terms of the Act. Tenn.Code. Ann. § 29–20–201(c).

■ The Sixth Circuit has held that it is permissible for a District Court to decline to exercise jurisdiction over TGTLA claims because TGTLA claims create an "exceptional circumstance" for declining jurisdiction. *Gregory v. Shelby County, Tennessee,* 220 F.3d 433, 446 (6th Cir. 2000). District Courts of Tennessee frequently have held they do not have jurisdiction over claims under the TGTLA. *See e.g. Cunningham v. Reid,* 337 F.Supp.2d 1064 (W.D.Tenn.2004). The Western District of Tennessee has also declined supplemental jurisdiction over TGTLA claims where jurisdiction would otherwise be proper under 28 U.S.C. § 1367(a). *Millinder v. Bowman,* 2004 WL 2238526 (W.D.Tenn. Aug. 25, 2004).

Moreover, Plaintiffs have failed to present any evidence in support of their state law claims. Thus, because the Court declines to exercise jurisdiction over these claims and because Plaintiffs have not put forth any evidence to support them, Plaintiffs claims under the TGTLA are DISMISSED.

## IV. Conclusion

For the reasons discussed, the Court grants Defendants' Motion for Summary Judgment.